**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HSRE–BRIDGEWOOD III, LLC, AND BRIDGEWOOD-RCM PROPERTY MANAGEMENT, L.L.C. D/B/A RETIREMENT CENTER MANAGEMENT | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:17-cv-00562 |
| -against- | § § | **COMPLAINT** |
| LIFEWELL SENIOR LIVING, LLC D/B/A LIFEWELL SENIOR LIVING, ET AL | § § § § | |
| Defendants. | § | |

Plaintiffs HSRE–BRIDGEWOOD III, LLC and BRIDGEWOOD-RCM PROPERTY MANAGEMENT, L.L.C. d/b/a Retirement Center Management, by and through its attorneys, HOOVER SLOVACEK LLP, for its Complaint against Defendants -

- LIFEWELL SENIOR LIVING, LLC D/B/A LIFEWELL SENIOR LIVING;

- LAHP TENANT, LLC D/B/A THE LEGACY AT HIGHWOODS PRESERVE;

- LASF TENANT, LLC D/B/A THE LEGACY AT SANTA FE;

- LATS TENANT, LLC D/B/A THE LEGACY AT TOWN SQUARE;

- LAC TENANT, LLC D/B/A THE LEGACY AT CIMARRON;

- LAFP TENANT, LLC D/B/A THE LEGACY AT FALCON POINT;

- LACF TENANT, LLC D/B/A LEGACY AT CRYSTAL FALLS;

- LASP TENANT, LLC D/B/A THE LEGACY AT SOUTH PLAINS;

- LALMF TENANT, LLC D/B/A THE LEGACY AT LONG MEADOW;

- LAFR TENANT, LLC D/B/A THE LEGACY AT FOREST RIDGE; and

- PINPOINT COMMERCIAL, L.P. D/B/A PINPOINT SENIOR LIVING.

Plaintiffs allege, on knowledge as to their actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiffs' federally-registered service mark LIVE LIFE WELL under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising from the Defendants' unauthorized use and colorable imitations of the mark LIVING LIFE WELL in connection with the provision, marketing, advertising, promotion of Defendants' retirement homes services.

2. Plaintiffs seek injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and under the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. The venue is proper in this district under 28 U.S.C.§ 1391(b)(1), in that Defendants resides in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district and 28 U.S.C. § 1391(b)(2), in that a substantial part of the property that is the subject of the action is situated in this district.

## PARTIES

5. Plaintiff HSRE – BRIDGEWOOD III, LLC is a limited liability company formed under the laws of Delaware and is qualified to do business in Texas.

6. Plaintiff BRIDGEWOOD-RCM PROPERTY MANAGEMENT, L.L.C. d/b/a Retirement Center Management is a limited liability company formed under the laws of Texas and does business in Houston, Texas.

7. Upon information and belief, Defendant LIFEWELL SENIOR LIVING, LLC d/b/a Lifewell Senior Living is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

8. Upon information and belief, Defendant LAHP TENANT, LLC d/b/a The Legacy At Highwoods Preserve is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

9. Upon information and belief, Defendant LASF TENANT, LLC d/b/a The Legacy At Santa Fe is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

10. Upon information and belief, Defendant LATS TENANT, LLC d/b/a The Legacy At Town Square is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

11. Upon information and belief, Defendant LAC TENANT, LLC d/b/a The Legacy At Cimarron is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

12.     Upon information and belief, Defendant LACF TENANT, LLC d/b/a Legacy At Crystal Falls is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

13.     Upon information and belief, Defendant LASP TENANT, LLC d/b/a The Legacy At South Plains is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

14.     Upon information and belief, Defendant LALMF TENANT, LLC d/b/a The Legacy At Long Meadow is a limited liability company formed under the laws of Texas and does business in Houston, Texas.  The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

15.     Upon information and belief, Defendant LAFP TENANT, LLC d/b/a The Legacy At Falcon Point is a limited liability company formed under the laws of Texas and does business in Katy, Texas. The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

16.     Upon information and belief, Defendant LAFR TENANT, LLC d/b/a The Legacy At Forest Ridge is a limited liability company formed under the laws of Texas and does business in Schertz, Texas. The registered agent for Defendant is Charles Turner, and the registered office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

17.     Upon information and belief, Defendant PINPOINT COMMERCIAL, LP d/b/a PINPOINT SENIOR LIVING L.P. is a limited partnership formed under the laws of Texas and

does business in Houston, Texas. The registered agent for Defendant is John P. Thompson, and the Registered Office is 675 Bering Drive, Suite 550, Houston, Texas 77057.

## FACTS

### PLAINTIFFS AND THEIR LIVE LIFE WELL Mark

18. Plaintiffs are developers and operators of senior retirement homes.

19. Plaintiff HSRE–BRIDGEWOOD III, LLC is the owner of valid and subsisting United States Service Mark Registration No. 5,042,752 on the Principal Register in the United States Patent and Trademark Office for the service mark LIVE LIFE WELL (hereinafter "LIVE LIFE WELL Mark") for "retirement homes. Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 5,042,752 which was issued by the United States Patent and Trademark Office on February 16, 2016.

20. Plaintiffs have used the LIVE LIFE WELL Mark in commerce in Texas and Oklahoma continuously since at least as early as November 5, 2014, in connection with the provision, marketing, advertising and promotion of "retirement homes." Attached hereto as **Exhibit 2** are copies of representative samples of materials showing Plaintiffs' use of the LIVE LIFE WELL Mark in connection with these services.

21. As a result of its widespread, continuous and exclusive use of the LIVE LIFE WELL Mark to identify its services and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the LIVE LIFE WELL Mark.

22. Plaintiffs' LIVE LIFE WELL Mark is distinctive to both the consuming public and Plaintiffs' trade.

23. Plaintiffs have expended substantial time, money and resources marketing, advertising and promoting the retirement homes services sold under the LIVE LIFE WELL Mark

including through Plaintiffs' marketing, advertising and promotional efforts and channels for services under their mark.

24.  Plaintiffs offer and sell their retirement home service under their LIVE LIFE WELL Mark to seniors and their families.

25.  As a result of Plaintiffs' expenditures and efforts, the LIVE LIFE WELL Mark has come to signify the high quality of the retirement homes service designated by the LIVE LIFE WELL Mark and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

26.  Plaintiffs have scrupulously and successfully enforced and protected their LIVE LIFE WELL Mark against past infringements.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

27.  Upon information and belief, Defendants provide retirement homes for seniors.

28.  Without Plaintiffs' authorization, and upon information and belief, beginning after Plaintiffs acquired protectable exclusive rights in its LIVE LIFE WELL Mark, the first Defendant LifeWell Senior Living LLC adopted and began using a mark identical to Plaintiffs' LIVE LIFE WELL Mark (hereinafter, the "Infringing Mark") on this Defendant's website. This Defendant is believed to be the "source" for the Infringing Mark then used by the other Defendants, likely managed by the Defendant LifeWell Senior Living LLC. Attached as **Exhibit 4** is the cease and desist letter dated November 17, 2016, sent by Plaintiff's previous counsel to Defendant LifeWell Senior Living LLC. The other Defendants spread the Infringing Mark to use on each of their websites. Plaintiff's previous counsel then sent a second cease and desist letter dated November 22, 2016, to the remaining Defendants who acted in concert with the first Defendant LifeWell Senior Living LLC attached as **Exhibit 5**.

29. The Infringing Mark adopted and used by Defendants is identical to or confusingly similar to Plaintiffs' LIVE LIFE WELL Mark.

30. Upon information and belief, Defendants are engaged in the provision, advertising, and promotion of retirement homes services using the Infringing Mark throughout a geographic region of use in the United States. Attached hereto as **Exhibit 3** are true and correct copies of representative materials showing Defendants' use of the Infringing Mark.

31. Upon information and belief, the retirement home services Defendants have provided, marketed, advertised and promoted under the Infringing Mark are similar to Plaintiff's retirement homes and located near retirement homes of Plaintiffs.

32. Upon information and belief, Defendants have provided, marketed, advertised and promoted its retirement homes services under the Infringing Mark through trade channels identical or similar to Plaintiffs' trade channels.

33. Upon information and belief, Defendants offer and sell their retirement homes services under the Infringing Mark to seniors and their families that are in the same category that Plaintiffs offer their retirement home services.

34. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' retirement homes services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' retirement homes services originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

35. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiffs' LIVE LIFE WELL Mark, cause confusion and

deception in the marketplace and divert potential sales of Plaintiffs' retirement homes services to the Defendants.

36. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

## COUNT ONE
### (Federal Service Mark Infringement)

37. Plaintiffs repeat and reallege paragraphs 1 through 36 hereof as if fully set forth herein.

38. Defendants' unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Upon information and belief, Defendants have committed the preceding acts of infringement with full knowledge of Plaintiffs' prior rights in the LIVE LIFE WELL Mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

40. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

41. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin)

42. Plaintiffs repeat and reallege paragraphs 1 through 41 hereof as if fully set forth herein.

43. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

44. Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiffs.

45. Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendants' services.

46. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

48. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. providing, selling, marketing, advertising, promoting or authorizing any third party to provide, sell, market, advertise or promote retirement homes bearing the mark LIVING LIFE WELL or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiffs' LIVE LIFE WELL mark;

   b. engaging in any activity that infringes Plaintiffs' rights in its LIVE LIFE WELL mark;

   c. engaging in any activity constituting unfair competition with Plaintiffs;

   d. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiffs or (ii) Plaintiffs' services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendants;

   e. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiffs or tend to do so;

   f. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the mark LIVING LIFE WELL or any other mark that infringes or is likely to be confused with Plaintiffs' LIVE LIFE WELL mark, or any goods or services of Plaintiffs, or Plaintiffs as their source; and

g. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiffs or constitute or are connected with Plaintiffs' services.

4. Directing Defendants to immediately cease all marketing, advertising, promotion, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the mark LIVING LIFE WELL or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' LIVE LIFE WELL mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the mark LIVING LIFE WELL or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiffs' LIVE LIFE WELL mark, and to immediately remove them from public access and view.

5. Directing Defendants to formally abandon with prejudice any and all of their applications to register the mark LIVING LIFE WELL or any mark consisting of, incorporating

or containing Plaintiffs' LIVE LIFE WELL mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

6. Directing Defendants to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating or containing Plaintiffs' LIVE LIFE WELL mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

7. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied therewith.

8. Awarding Plaintiffs an amount up to three times the amount of its actual damages, by Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Directing that Defendants account to and pay over to Plaintiffs all profits realized by its wrongful acts by Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiffs for the damages caused thereby.

10. Awarding Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11. Declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the preceding sums.

13.    Awarding such other and further relief as the Court deems just and proper.

Dated: February 21, 2017

Houston, Texas                                          Respectfully submitted,

                                                                             HOOVER SLOVACEK LLP

*/s/ Paul C. Van Slyke*

Paul C. Van Slyke
5051 Westheimer, Suite 1200
Houston, Texas 77056
Tel: 713-735-4129
E-mail: paul@hooverslovacek.com

**ATTORNEYS FOR PLAINTIFFS
HSRE – BRIDGEWOOD III, LLC AND
BRIDGEWOOD-RCM PROPERTY
MANAGEMENT, L.L.C. D/B/A
RETIREMENT CENTER
MANAGEMENT**

**EXHIBIT 1**

**REGISTRATION CERTIFICATE FOR PLAINTIFFS' MARK**

**EXHIBIT 2**

**SAMPLES OF PLAINTIFFS' USE OF THEIR MARK**

{362112-00002 PCV 2/10/2017 01119681.DOC 8 }

**EXHIBIT 3**

**SAMPLES OF DEFENDANTS' USE OF THE INFRINGING MARK**

**EXHIBIT 4**

**PLAINTIFFS' FIRST CEASE AND DESIST LETTER**

{362112-00002 PCV 2/10/2017 01119681.DOC 8 }

**EXHIBIT 5**

**PLAINTIFFS' SECOND CEASE AND DESIST LETTER**

{362112-00002 PCV 2/10/2017 01119681.DOC 8 }